## HARDY PACE v. FOUNTAIN HOLLAMAN.

The stay law of 10th January, 1862, did not operate to extend the time in which writs of error might be sued out. (Paschal's Dig., Art. 5126 *et seq.*)
The legislature only designed to suspend those statutes which extinguished or set up a bar to the right of recovering on the cause of action.
[ The court declined to discuss the constitutionality of the stay laws.]

ERROR from Jasper. The case was tried before Hon. A. W. O. Hicks, one of the district judges.
The opinion was upon the motion to dismiss the writ of error.

*C. Payne,* for plaintiff in error.

*A. W. O. Hicks* for defendant in error, moved to dismiss the writ of error.

CALDWELL, J.—The judgment in this case was rendered 13th September, 1860, and the writ of error sued out on the 7th September, 1864, more than two years after the rendition of the judgment.
To obtain a review of this case, plaintiff in error relies on section 4 of the stay law, which provides that, whilst

in force, "the statute of limitation" shall not be computed. The question presented is this: Is the time (two years) in which a writ of error may be sued out a statute of limitation in the sense in which that term is used? We think not. The legislature only designed to suspend those statutes which extinguished or set up a bar to the right of recovering on the cause of action.

This seems to be free from doubt when we refer to section 1 of the same act, which provides that it shall not be construed so as to interfere with the action of the Supreme Court in deciding "all cases as now directed by law."

Inasmuch as plaintiff in error is precluded by the statute, whose aid he invokes, as well as by the law in force prior to its enactment, we have passed upon it. Nevertheless we decline to discuss the constitutionality of the act in question, as it does not necessarily arise.

DISMISSED.