W. R. STANDIFER V. ELIZA HUBBARD, ADMINISTRATRIX.

1. The provision of our probate law requiring claims to be presented to the executor or administrator within twelve months after the qualification of the executor, and in default of which the claim to be postponed, is not a "statute of limitation" in the sense in which the term is used in Section 43 of Article 12 of the State Constitution.

2. A claim not presented to an administratrix, who qualified in '864, until in 1869, should be postponed in favor of all claims of the same class presented within twelve months after the qualification of the administratrix.

APPEAL from Burnet. Tried below before the Hon. E. B. Turner.

John R. Hubbard died in 1864, and in the same year his wife, Eliza Hubbard, obtained letters of administration. Several claims were presented within the year after her qualification as administratrix.

27

. W. R. Standifer, who resided in California, held a claim secured by vendor's lien, which was not presented until in 1869, when it was rejected and suit instituted, and which was prosecuted to judgment on April 19, 1870, for $8874.72, and ordering sale of the land for which the note was given.

The sale did not realize sufficient to pay the judgment, and the estate being insolvent, upon the final order for the distribution of the assets, Standifer urged his motion that his claim be paid *pro rata* with the holders of claims presented within twelve months.

Standifer's motion was overruled, and the judgment of the court was that all claims presented within one year from the qualification of the administratrix be paid in full, and postponing Standifer's judgment.

From this he appealed, assigning as error—

The refusal of the court to order *pro rata* payment of all claims presented within one year after the 29th March, 1870, when limitation began to run after the close of the war.

*Terrell & Walker*, for appellant, cited Dwight v. Overton, 35 Texas, 390.

*Hughes & Montgomery* and *S. A. Posey*, for appellee, cited Ryan v. Flint, 30 Texas, 383; Davidson v. Peticolas, 34 Texas, 27; Page v. Holliman, 31 Texas, 159; Murchison v. Payne, 37 Texas.

McADOO, J.—The only question in this case is, is the provision of our probate law, which requires all claims to be presented to an executor or administrator within twelve months after the qualification of such executor or administrator, in default of which all such claims are postponed, of whatever class they may originally have been, a law of "limitation," in the sense in which the

term is used in the 43d Section of Article 12 of the Constitution of 1869, and Section 6, Ordinance 11, of the Constitution of 1866?

Under the authority and reasoning of the court in Ryan v. Flint, 30 Texas, 383, and the analogous reasoning in Page v. Holliman, 31 Texas, 158, and Davidson v. Peticolas, 34 Texas, 34, we cannot hesitate to decide that it is not a statute of limitation in that sense; nor can the facts of this case entitle the appellant to a variance of the application of the rule to his case, notwithstanding his residence has been in a far distant State.

The administration had been open for more than six years before the claim in controversy was presented for acceptance and allowance, and nearly five years had elapsed after the civil courts of Texas were fully thrown open to litigants.

We find no error in the judgment of the court below, and it is affirmed.

                                        AFFIRMED.